IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RESORT FUNDING, LLC,

        Plaintiff,

v.                                   Civil Action No. 3:13-cv-00476-JAG

RONALD L. HOLT,
JOHN L. HOLT,
and
DAVID P. SHIVELY,

        Defendants.

## MEMORANDUM OPINION

In this case a misplaced modifier sinks the plaintiff's ship.

This matter comes before the Court on the motion to dismiss of defendants Ronald L. Holt and John L. Holt. The complaint asserts two claims for breach of contract, arising from the defendants' personal guaranties of two separate commercial loans. The guaranties contain forum selection clauses mandating venue and personal jurisdiction in New York State. Consistent with those provisions, the Court will, at the plaintiff's option, either dismiss this case without prejudice or transfer the case to the United States District Court for the Northern District of New York, Syracuse Division.

### I. STANDARD OF REVIEW

When a defendant challenges venue under Federal Rule of Civil Procedure 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." *Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir.1979). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie

showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

The court, however, need not accept the "pleadings as true, as would be required under a Rule 12(b)(6) analysis," and may consider outside evidence. *Western Refining Yorktown, Inc. v. BP Corp. N. Am., Inc.*, 618 F.Supp.2d 513, 516 (E.D.Va. 2009). If the court finds that venue is improper, the court may dismiss the action, or transfer the action to a district where it otherwise could have been brought. 28 U.S.C. § 1406(a) (2006).

## II. <u>STATEMENT OF FACTS</u>

Resort Funding, LLC, is a Delaware limited liability company headquartered in Syracuse, New York. The Holts are citizens of Virginia. The Holts owned and managed Land'Or Williamsburg LLC, a real estate development company. In 2006, in order to secure two loans from Resort Funding to Land'Or, the Holts executed two separate agreements with the plaintiff, personally guarantying their company's loans.

Paragraph 14 of each guaranty governs personal jurisdiction and venue in the event of any action brought to enforce those guaranties. It reads, in its entirety:

> In any action to enforce the provisions of this Guaranty, personal jurisdiction and venue shall be, at the option of Lender, in the Supreme Court of the State of New York, County of Onondaga or the United States District Court for the Northern District of New York.

The "Lender" referred to in Paragraph 14 is Resort Funding. Paragraph 13 of the Guaranties states that New York law will govern in any litigation.

In June 2011, Land'Or defaulted on both loans, and Resort Funding subsequently foreclosed on the collateral property. The foreclosure sales left sizeable deficiencies, and Resort Funding demanded that the guarantors pay the deficiency. The guarantors have not done so. Resort Funding filed the instant action, asserting two claims for breach of contract arising from the defendants' alleged failure to abide by the terms of the personal guaranties.

2

Defendants Ronald Holt and John Holt (hereinafter "the Holts") filed this motion to dismiss, arguing that the forum selection clause contained in Paragraph 14 bars the plaintiff from bringing this action in any forum other than a New York state or federal court.

### III. DISCUSSION

Both parties agree that forum selection clauses are applicable and enforceable in diversity cases, and that the instant clause is thus legally enforceable. The plaintiff does not allege the existence of any of the typically enumerated factors excusing enforcement of forum selection clauses: fraudulent inducement, public policy against the clause, or grave inconvenience to the party challenging the clause's enforceability.[1]

The primary question in this case, rather, concerns the meaning of Paragraph 14 of the guaranties. The forum selection clause, considered in light of Second Circuit case law and the legal principle that ambiguities in a contract must be construed against the drafter (here, the plaintiff), requires that the Court treat Paragraph 14 as mandatory, and establishing exclusive jurisdiction in New York's state and federal courts.

The Fourth Circuit applies state law when determining the enforceability of forum selection clauses; because the parties' contract contains a choice of law clause mandating the application of New York law, this Court applies New York law. *See Eisaman v. Cinema Grill Sys., Inc.*, 87 F. Supp. 2d 446, 448 (D. Md. 1999) (citing *Nutter v. New Rents, Inc.*, 945 F.2d 398 (4th Cir. 1991). New York courts apply federal law in considering forum selection clauses. This Court accordingly applies Second Circuit law in its analysis. *See Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990).

---

[1] *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

3

The Second Circuit recognizes two types of forum selection clauses: mandatory and permissive. Analysis of these clauses requires a court "to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (internal citations omitted, emphasis in original).

A "permissive" forum selection clause "confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate." *Phillips*, 494 F.3d at 386. By contrast, a "mandatory" forum selection clause requires "that disputes *must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie." *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (emphasis added). To determine whether a forum selection clause is mandatory or permissive, the reviewing court's "initial focus is on the language of the contract." *Phillips*, at 386. A forum selection clause is considered mandatory "when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Id.*

When a forum selection clause refers only to *jurisdiction*, the Second Circuit views "mandatory language" such as the verb "to be" or the auxiliary verb "shall" as indicating only the parties' intent to ensure that jurisdiction will exist in the selected forum, not necessarily as depriving all *other* courts of jurisdiction.[2] A forum selection clause will be considered "mandatory," however, if that clause "(1) "confers exclusive jurisdiction on the designated forum" or (2) "incorporates obligatory venue language."" *Global Seafood Inc.*, 659 F.3d at 225 (citing *Phillips*, 494 F.3d at 386). "The general rule in cases containing forum selection clauses is that '[w]hen only jurisdiction is specified the clause will generally not be enforced without

---

[2] *See, e.g., Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011).

some further language indicating the parties' intent to make jurisdiction exclusive.' Of course *if mandatory venue language is employed,* the clause *will be enforced."* *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994) (internal citations omitted) (emphasis added).

Paragraph 14 employs "mandatory language" ("shall be") as to *both* jurisdiction and venue.[3] Ordinarily, this language would end the inquiry, and the Court would simply transfer the case to the appropriate location. This case, however, takes an unusual turn because of a modifier inserted in the middle of the forum selection clause.

In this contract, the modifier is the phrase "at the option of the Lender." This phrase modifies the selection of forum by giving the lender an "option."

The placement of the modifier in the contract confuses the meaning of the forum selection clause. Ordinarily, a modifier refers to the words closest to it. Strunk and White, *Elements of Style*, Fourth Ed., pp. 28-30. In this contract, however, the modifier lies smack in the middle of two possible targets. This usage is commonly known as a "squinting modifier," and injects ambiguity into a sentence. An example of a "squinting modifier" occurs in the following sentence: "Cycling up hills quickly strengthens your quadriceps." In this example, the sentence could mean either that cycling up hill at a high rate of speed makes your legs stronger, or that cycling up hills makes your legs stronger in short order.[4]

"At the option of the Lender," by itself, means that the lender gets to make a choice. The question is what the lender may choose. The sentence in the contract provides two options. If

---

[3] The plaintiff describes Paragraph 14, in its memorandum in opposition, as the "Jurisdiction and Venue Provision." (Memo. Opp. 3).

[4] Grammar Monster.com, Squinting Modifier, http://www.grammar-monster.com/glossary/squinting_modifier.htm (last checked November 19, 2013); Towson University, Online Writing Support, http://www.towson.edu/ows/dangmod.htm (last checked November 19, 2013).

5

the phrase modifies the words coming before it, "personal jurisdiction or venue," it likely means that the lender may not only sue anywhere among the universe of jurisdictions permitted under general law, but also may sue in New York. In other words, if the defendants live in Florida, Resort Funding could sue them there. *See* 28 U.S.C.A. § 1391(b)(1). If the defendants breached the contract in Oklahoma, Resort Funding could sue them there. *See id.* at § 1391(b)(2). And, regardless of general jurisdictional rules, Resort Funding could sue them in New York.

If, however, the phrase modifies the words "in the Supreme Court of the State of New York, County of Onondaga or the United States District Court for the Northern District of New York," the sentence means something totally different. In this construction of the sentence, jurisdiction again "shall be" at a place selected by the Lender. Resort Funding, however, has only two options: New York state court or New York federal court.

In many sentences, it does not matter which of two situations a modifier applies to. For instance, in the bicycling example given above, it is relatively unimportant whether cycling makes one's legs stronger quickly, or whether quickly cycling makes one's legs stronger. Both ideas provide valuable advice to people who want to improve their fitness.

But in a contract, the precise meaning of a sentence is more important than in cycling. Fortunately, the law provides a rule of construction that helps resolve contractual ambiguities. Any ambiguity must be interpreted against the drafter of the agreement. It is a staple of New York contract law that "[i]n the event of an ambiguity, a contract will be construed against its drafter since the drafter is responsible for any ambiguity." *Beardslee v. Inflection Energy, LLC*, 904 F. Supp. 2d 213, 219 (N.D.N.Y. 2012). Resort Funding does not dispute its authorship of Paragraph 14; any ambiguity in the meaning of Paragraph 14 must therefore be construed in favor of the non-drafting party – the Holts. In this case, that means that Resort Funding can only

bring suit in New York courts, either state or federal.

The plaintiff drafted the contract; if Paragraph 14 should be "properly read" to allow suit in places other than New York state, the plaintiff could – and should – have so drafted it. Because of the ambiguity of the modifier, the Court finds that jurisdiction and venue lie only in either the state courts in Onondaga County, New York, or the United States District Court for the Northern District of New York.[5]

Since Resort Funding has sued in federal court in Virginia, the Court assumes that it would want to sue in federal court in New York. To accomplish this end, the Court can transfer the case to the Northern District of New York. If, however, Resort Funding wants to proceed in state court, this Court will dismiss this case without prejudice, allowing the plaintiff to re-file in state court. The Court will not enter an order disposing of the motion until Resort Funding advises the Court where it wishes to proceed. Resort Funding will be ordered today to advise the Court of its preference within five days. If Resort Funding does not advise the Court one way or the other, the Court will transfer this case to the Northern District of New York, Syracuse Division.

In addition to the Holts, Resort Funding has named a third defendant in this case, David P. Shively, a third guarantor. Shively has not appeared in the case yet. At least one guaranty signed by Shively contains the same forum selection clause as the Holts' contract. If Shively has signed a contract with different language, the plaintiff is directed to present a copy of the differing contract to the Court within five days; otherwise, the Court will award Shively the same relief as the Holts.

---

[5] The Holts ask the Court to dismiss the case for lack of venue. In its discretion, however, the Court may transfer the case to an appropriate venue. *See* 28 U.S.C. § 1406.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

The Court shall enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: November 21, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge